[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF, CHARON'S, MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE (#112)
The Plaintiff, Evelyn Charon, contends in her Motion to Strike that the Special defense asserted by the Defendant, Giseldo Hernandez, is legally insufficient because it asserts that the Plaintiff's claim is barred by application of New York law, which law the Defendant claims the Court is bound to apply in this matter under application of the doctrine of lex loci delicti.
The parties hereto agree that application of New York law in this matter would operate as a total bar to recovery any kind by the Plaintiff and would, in fact, be a total bar to the institution of this action by the Plaintiff.
Citing the matter of O'Connor v. O'Connor, 201 Conn. 632, 633,519 A.2d 13 (1986), the plaintiff argues that the Connecticut Supreme CT Page 5308 Court considered the issue of whether "an injured person may pursue a cause of action under Connecticut law to recover for allegedly tortious conduct that occurred in a jurisdiction where such a cause of action would not be permitted. In O'Connor, the Court held that, "This court has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti. . . Recently, however, we have recognized that there are circumstances in which strict application of the lex loci delicti
rule frustrates the legitimate expectations of the parties and undermines an important policy of this state. In such circumstances we have refused to apply the doctrine." Id., 637. The Court further held in O'Connor Connecticut had a "strong interest in assuring that the plaintiff may avail herself of the full scope of remedies for tortious conduct that Connecticut law affords." Id, 657.
Applying the O'Connor analysis, this Court finds that the case at bar ought to be governed by the application of Connecticut substantive tort law. The Plaintiff's Motion to Strike the Defendant's Special Defense is accordingly granted.
BY THE COURT ___________________ CARROLL, J.